UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BRYANT SCOTT ALLEN,**

    **Plaintiff,**

v.                                                                                    Case No: 5:15-cv-241-Oc-18PRL

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

# REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I submit that the Commissioner's decision should be affirmed.

**I.   BACKGROUND**

On October 4, 2011, Plaintiff filed an application for DIB benefits, alleging disability beginning February 3, 2004. The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on May 30, 2013, where both the Plaintiff and an impartial vocational expert testified. On June 14, 2013, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 28-38). Plaintiff's request for review was denied by the Appeals Council (Tr. 1-6), and Plaintiff initiated this action on May 14,

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

2015. (Doc. 1). Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

The ALJ found that Plaintiff last met the insured status requirements for purposes of DIB benefits on September 30, 2007; and last met the insured status requirements under Title II of the Social Security Act for entitlement to Medicare coverage as a former government employee through December 31, 2009. (Tr. 30). Thus, for purposes of DIB coverage, the relevant time period is from the alleged onset date of February 3, 2004 through the date last insured of September 30, 2007. For Medicare purposes, the period runs from February 3, 2004 through December 31, 2009. (Tr. 30, 38).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease, degenerative disc disease, obesity and coronary artery disease. (Tr. 31).

The ALJ found that the Plaintiff had the residual functional capacity to perform within the range of sedentary work. (Tr. 32). Specifically, the ALJ found that Plaintiff is limited to lifting 10 pounds occasionally and less than 10 pounds frequently; and standing and/or walking for brief periods for a total of no more than 2 hours in an 8 hour workday, sitting the remainder of the workday. Further, the claimant is able to occasionally bend and stoop. He should not work in temperature extremes, fumes or concentrated dust.

Based upon his RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as addresser, documents preparer, and a call out operator. (Tr. 37-38). The ALJ's finding includes her consideration of the vocational expert's testimony regarding what functions Plaintiff could perform in light of his limitations. (Tr. 34). Accordingly, the ALJ determined that Plaintiff is not disabled.

**II.     STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence

preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

**III.  DISCUSSION**

Plaintiff only raises one argument on appeal – i.e., that the ALJ failed to properly evaluate his credibility. While his memorandum recites large excerpts of the ALJ's decision in this case, the argument section refers to medical evidence and doctors' opinions not contained in the administrative record (or referred to by the ALJ).[2] *See* Doc. 21 at 19-23. Plaintiff fails to challenge any of the medical evidence, including doctors' opinions actually relevant here.

The Eleventh Circuit's three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir.1995); *Kelly v. Apfel,* 185 F.3d 1211, 1215 (11th Cir.1999). After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination is reviewed for substantial evidence. *Marbury v. Sullivan,* 957 F.2d 837 (11th Cir.1992). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence

---

[2] Specifically, Plaintiff claims that the ALJ improperly evaluated the opinions of Dr. Silvera and doctors named Waters, Patel, and DePaz; however, the record does not include treatment records or opinions from any of those doctors. Plaintiff also cites to a March 7, 2000 lumbar spine MRI and a December 4, 2000 electro diagnostic study, neither of which are in the record. Likewise, there is no evidence of a hip replacement surgery. Plaintiff also takes issue with the ALJ's finding that his disability ceased on January 28, 2002, however, the ALJ made no such finding in this case. Accordingly, these arguments are not relevant in this case.

of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activities, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain.  *See* 20 C.F.R. § 404.1529.

Here, I submit that substantial evidence supports the ALJ's finding that Plaintiff's statements concerning the intensity, persistence and limiting effect of his symptoms were not entirely credible.  The ALJ noted that Plaintiff's testimony was inconsistent with his medical history, the reports of treating practitioners and state agency doctors, and the degree of medical treatment required.

As the ALJ discussed, in February 2004, Plaintiff injured his right shoulder and neck while working as a police officer.  (Tr. 239).  The ALJ noted that a lumbar x-ray on February 4, 2004 showed no acute findings (Tr. 254) and imaging of his right shoulder, right elbow, and right wrist showed no definitive sign of a fracture (Tr. 253).  A cervical spine MRI in March 2004 showed degenerative disc disease at C5-C6 and neural foraminal stenosis at C5-C6 secondary to facet arthropathy, and Dr. Randall Wroble diagnosed cervical radiculopathy and referred Plaintiff to physical therapy.  (Tr. 31, 246, 251-52).  A right shoulder MRI on March 18, 2004, found no evidence of a rotator cuff tear.  (Tr. 247).  Following the injury, Plaintiff's treating physicians at Grant Sports Medicine and Orthopaedic Associates opined that Plaintiff could not return to work until March 29, 2004 (Tr. 248), then extended until April 12, 2004 (Tr. 244), then through April 29, 2004 (Tr. 243), and finally through September 6, 2004.  (Tr. 237).

The ALJ discussed the June 1, 2004 opinion of treating physician Dr. F. Paul DeGenova that Plaintiff could only work desk duty with no physical contact and no running, and that he is permanently physically incapacitated to perform his duty as a police officer.  (Tr. 33, 265-66). The ALJ accorded greater weight to the more specific limitations assessed by Dr. DeGenova – i.e.,

only desk duty work – than the box he checked stating that Plaintiff was physically incapacitated. The ALJ concluded that Dr. DeGenova "recommended a desk duty job, but because his department did not have one available, he received retirement disability benefits." (Tr. 36). In November 2004, Dr. DeGenova opined that Plaintiff could not perform his last public employment job, which is consistent with the ALJ's finding that plaintiff cannot return to his past relevant work as a police officer. (Tr. 37, 261).

The ALJ also discussed Dr. Bhavani Ketheeswaran's May 31, 2012 medical source statement. (Tr. 33, 423-26). Dr. Ketheeswaran opined that Plaintiff could not perform full-time sedentary work. The ALJ found that while certain aspects of his opinion are consistent with Plaintiff's RFC (sedentary work and postural limitations), the portions of his opinion that Plaintiff needs to lie down at unpredictable intervals is not supported by his own records. This finding is supported by substantial evidence. As an initial matter, Dr. Ketheeswaran failed to list any diagnoses or medical findings to support his opinions. Moreover, as the ALJ pointed out, Dr. Ketheeswaran's treatment records reflect that Plaintiff was neurologically intact and his back exams were within normal limits on several visits, thus undercutting his opinion regarding Plaintiff's need to lie down. (Tr. 33, 379, 383, 385, 391, 393). *See Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1159 (11th Cir. 2004) ("A treating physician's report 'may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory.'").

The ALJ also considered and properly discounted the statement of treating physician Dr. Perin Alfred that Plaintiff has a "disability due to chronic back pain." (Tr. 33, 267). Dr. Alfred gave this purported opinion on May 21, 2008 – more than seven months after Plaintiff's date last insured – thus, it does not relate to the period at issue. Moreover, Dr. Alfred's records show that he was treating Plaintiff for pulmonary issues, and he offers no explanation or findings to support

his conclusion that Plaintiff's chronic back pain causes disabling limitations. Finally, as the ALJ explained, Dr. Alfred's opinion that Plaintiff is disabled is due no special significance because it is an opinion on an issue reserved to the Commissioner. *See Lewis v. Callhan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The ALJ also accorded some weight to the opinions of state agency physicians, Dr. Loc Kim and Dr. Libbie Russo, both of whom found that Plaintiff could perform a reduced range of light work. (Tr. 33-34, 81-83, 330-34).

The ALJ also specifically addressed Plaintiff's testimony that he had chronic daily headaches, some of which were severe, and for which he took muscle relaxers, Hydrocodone, and anti-inflammatories. The ALJ considered this testimony but noted that the medical records do not support the frequency of the alleged headaches. (Tr. 31, 35, 311). Moreover, while the medical records do refer to headaches on several occasions, the records do not support disabling limitations. (Tr. 236, 249, 345, 385, 391).

With respect to Plaintiff's complaints regarding his knees, the ALJ noted that his right knee MRI in December 2003 showed only a small joint effusion. (Tr. 31, 231). On May 12, 2004, Dr. B. Rodney Comisar noted no effusion and that Plaintiff walked unassisted with only a slight limp favoring his right leg. Dr. Comisar advised a vigorous course of physical therapy, a home exercise program, a brace, and medication. (Tr. 240). While Plaintiff testified that that surgery had been an option, Dr. Comisar noted that Plaintiff's knee disorder did not require surgery or additional injections. (Tr. 240) In March 2004, Dr. Stephen N. Kolodzik had opined that Plaintiff's knee condition was not bad enough to need an injection. (Tr. 36, 233).

Pointing to the objective evidence and conservative treatment (i.e., physical therapy and home exercises and not surgery) the ALJ concluded that Plaintiff's spine condition and joint

problems are not as severe as alleged.  (Tr. 37).  *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (finding that conservative treatment supported the ALJ's decision to discredit the claimant's subjective complaints).  The ALJ also noted that Plaintiff was given retirement disability from his employer, despite the fact that he had been recommended to be reassigned to a desk duty job because his department did not have such a job available.

Accordingly, I submit that the ALJ articulated legitimate reasons supported by substantial evidence for not fully crediting Plaintiff's complaints of disabling limitations.  *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) ("[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.").  The question is not whether the ALJ "could have reasonably credited his testimony, but whether the ALJ was clearly wrong to discredit it."  *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).  I submit that the record reveals no reversible error.

## IV.  RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g).  The **Clerk is directed** to enter final judgment for the **Commissioner** and **close the file**.

**DONE and ENTERED** in Ocala, Florida on August 17, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties